IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JEREMY ALLEN RUSSELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-16-460-HE |
| | ) | |
| THE STATE OF OKLAHOMA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Jeremy Russell, a pre-trial detainee appearing *pro se* and *in forma pauperis*, brings this action under 42 U.S.C. § 1983, alleging various violations. (ECF No. 1). District Judge Joe Heaton referred this matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). A review of the complaint has been conducted pursuant to 28 U.S.C. § 1915A(a) and 28 U.S.C. § 1915(e)(2)(B). Based on that review, it is recommended that the Court **DISMISS**, with prejudice, all claims against all Defendants.

I.  SCREENING REQUIREMENT

The Court must review each complaint in which a prisoner seeks redress against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court likewise must review each case brought by a prisoner with respect to prison conditions and each case in which a plaintiff proceeds *in forma pauperis*. 42 U.S.C. § 1997e(c)(1); 28 U.S.C. § 1915(e)(2). The Court is required to dismiss the complaint or any portion of the

complaint that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1).

## II. STANDARD OF REVIEW

The Court must accept Plaintiff's allegations as true and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to Plaintiff. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). Since Plaintiff is proceeding *pro se*, his complaint must be construed liberally. *See id*. at 1218. The Court "review[s] the complaint for plausibility; that is, to determine whether the complaint includes enough facts to state a claim to relief that is plausible on its face." *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009) (quotations and citation omitted).

A complaint fails to state such a claim when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citation omitted). Bare legal conclusions in a complaint, however, are not assumed to be true; legal conclusions "must be supported by factual allegations" to state a claim upon which relief may be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

"[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to
2

determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (noting that although courts construe *pro se* pleadings liberally, courts "will not supply additional factual allegations to round out a plaintiff's complaint"). Whether a complaint contains sufficient facts to avoid dismissal is context-specific and is determined through a court's application of "judicial experience and common sense." *Iqbal*, 556 U.S. at 679; *see also Gee v. Pacheco*, 627 F.3d 1178, 1184-85 (10th Cir. 2010) (discussing *Iqbal*).

### III. FACTUAL BACKGROUND AND NAMED DEFENDANTS

On or about January 12, 2016, Plaintiff was walking down a street in Lawton, Oklahoma carrying a bb gun, when he heard "a dispute" that he felt needed to be reported to the police. (ECF No. 1:2). Mr. Russell called 911 and while on the phone, he saw and waived down a Lawton police officer in a squad car. (ECF No. 1:2). The officer apparently saw Plaintiff's gun, ordered him to stay still, and radioed for backup. (ECF No. 1:2). Plaintiff states that he kept telling the officer that the gun "was not rill [sic]." (ECF No. 1:2). Plaintiff was taken in by the officer and detained for some time, but ultimately let go later that night. (ECF No. 1:2).

On or about January 14, 2016, the Comanche County District Attorney's office filed charges against the Plaintiff for being a former felon in possession of a weapon

(ECF No. 1:2). Three days later, a related warrant was issued for Plaintiff's arrest.[1] Approximately two weeks later, Plaintiff was picked up on the warrant and given "paperwork" by Comanche County Special District Judge Kenny Harris. According to Plaintiff, the "paperwork" stated:

> On or about the 12th day of January 2016 the Defendant had a $CO_2$ pellet gun in a vehical [sic] in which the Defendant was operating lokated [sic] on his person after being convicted of bargerly [sic] in 2ED [sic] dagree [sic] on the 11th day of January 2013 (Case No. CF-2010-117) in the County of Comanche in the State of Oklahoma.

(ECF No. 1:2-3). According to Plaintiff, "the [sic] used the firearm case (Case No. CF-2016-27) to revoke the prior case: Kidnapping (Case No. CF-2011-429) as well as not paying fines." (ECF No. 1:3).

Plaintiff contends: (1) the "paperwork" had been falsified because he neither owns a vehicle, nor was he in a vehicle on January 12th when he was picked up by the Lawton police and (2) he is being blackmailed into paying fines and/or fees which he cannot afford to pay. (ECF No. 1:3-4).

---

[1] In the complaint, Mr. Russell alleges that the District Attorney filed charges for "a motion to revoke suspended sentence and possession of a firearm after possession of a former felony conviction." (ECF No. 1:2). Plaintiff then states that "a warrant" was issued for his arrest and then "on or about the 4th or 5th day of February 2016 [he] was picked up on the two warrants." (ECF No. 1:2). Public record shows that in Comanche County District Court Case No. CF-2016-27, Plaintiff was only charged with and a single arrest warrant issued alleging that Plaintiff was a former felon in possession of a firearm in violation of 21 O.S. § 1283(A). *See* http://www.oscn.net/dockets/GetCaseInformation.aspx?db=comanche&number=CF-2016-27&cmid=433488. However, on the same day, in Comanche County District Court Case No. CF-2011-429, a warrant was issued on a motion to revoke a suspended sentence. *See* http://www.oscn.net/dockets/GetCaseInformation.aspx?db=comanche&number=CF-2011-429. The warrant in Case No. CF-2011-429 is not at issue in the instant case.

Plaintiff has named nine defendants in the complaint: The State of Oklahoma; Comanche County, Oklahoma; four Comanche County officials: District Attorney Fred C. Smith, Assistant District Attorney Jordan Cabelka, Sherriff Kenny Stradley, and Court Clerk Robert Morales; Comanche County District Judges Keith Aycock and Kenny Harris; and the City of Lawton Chief of Police. Plaintiff has only alleged substantive complaints against Defendants Smith and Morales. (ECF No. 1:3-4). Plaintiff does not indicate whether he is suing Defendants Smith and Morales their official or individual capacities. The undersigned therefore construes the complaint as raising claims against the Defendants in both capacities. *See, e.g.*, *Smith v. United States*, 561 F.3d 1090, 1093, n.2 (10th Cir. 2009). The allegations against Defendants Smith and Morales relate to their roles as public officials, thereby invoking action against their employer, Comanche County. But Plaintiff has not alleged any wrongdoing by Defendants Cabelka, Aycock, Harris, or the Lawton Police Chief who have been named as defendants in the style of the complaint.

## IV. CLAIMS AGAINST THE STATE OF OKLAHOMA

Mr. Russell has named the State of Oklahoma as a defendant in the style of the complaint. (ECF No. 1:1). But under the Eleventh Amendment, the State of Oklahoma is immune from suit in federal court. *See Will v. Michigan Dep't of State Police,* 491 U.S. 58, 64 (1989) ("[A] State is not a person within the meaning of [section] 1983."); *Chamber of Commerce of U.S. v. Edmondson,* 594 F.3d 742, 760 (10th Cir. 2010). And

the State of Oklahoma has not expressly waived its Eleventh Amendment immunity. *See Nichols v. Dep't of Corrections,* 631 P.2d 746, 750–51 (Okla. Sup. Ct. 1981).

**V.      CLAIMS AGAINST DEFENDANTS SMITH AND COMANCHE COUNTY**

Mr. Russell is suing Comanche County District Attorney Defendant Smith, for "falsifying statement on legal documention [sic]," and "blackmail with the intent to garnishment [sic]." (ECF No. 1:4). And in the style of the complaint, Mr. Russell has separately named Comanche County, Oklahoma as a defendant. (ECF No. 1:1). The Court should dismiss all claims against these Defendants.

### A.     Claims Against Comanche County, and Official Capacity Claims against Defendant Smith for Monetary Damages for Falsifying Documents

Mr. Russell is suing Defendant Smith in his official capacity as Comanche County District Attorney for allegedly falsifying documents. (ECF No. 1:4). A suit against a county officer in his official capacity is the equivalent of a suit against the county. *Kentucky v. Graham,* 473 U.S. 159, 166 (1985); *see also Barney v. Pulsipher,* 143 F.3d 1299, 1307 (10th Cir. 1998). To state a valid claim against a county for actions of its officers, a plaintiff must allege that: (1) an officer committed a constitutional violation and (2) a county policy or custom was the moving force behind the constitutional deprivation that occurred. *See Estate of Larsen ex rel. Sturdivan v. Murr,* 511 F.3d 1255, 1264 (10th Cir. 2008); *see also Meade v. Grubbs,* 841 F.2d 1512, 1529 (10th Cir. 1988).

6

Here, Mr. Russell has not alleged that Defendant Smith acted pursuant to a county policy or custom when he allegedly falsified documents. Thus, the Court should dismiss any claim against Comanche County and Defendant Smith in his official capacity seeking monetary damages. Ordinarily, the dismissal would be with leave to amend, but for additional reasons discussed below, the Court should conclude that the allegations against Defendant Smith fail to state a claim, thus rendering any amendment futile.

    **B.    Individual Capacity Claims Against Defendant Smith for Monetary Damages for Falsifying Documents**

In his individual capacity, Defendant Smith is absolutely immune from Mr. Russell's claim for money damages. Prosecutors enjoy absolute immunity to liability under Section 1983 for actions performed "within the scope of their prosecutorial duties." *Arnold v. McClain,* 926 F.2d 963, 966 (10th Cir. 1991). Mr. Russell alleges that Defendant Smith falsified legal documents which led to his wrongful arrest. But the Supreme Court has clearly stated that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman,* 424 U.S. 409, 430 (1976). As a result, the Court should dismiss, with prejudice, any claims against Defendant Smith in his individual capacity for monetary damages.

    **C.    Claims Against Defendant Smith for Injunctive Relief for Falsifying Documents**

Mr. Russell also claims he is entitled to injunctive relief in the form of "all charges to be droped [sic] all fines related and nonrelated to be waived in full." (ECF No. 1:4).

But any remaining claims against Defendant Smith for "falsafying statement on legal documention [sic]" should be dismissed for failure to state a claim.

Public records confirm that Plaintiff was charged with and an arrest warrant was issued for Plaintiff being a former felon in possession of a firearm on January 12, 2016.[2] Plaintiff alleges that a portion of the arrest warrant was false because he neither owns a vehicle, nor was he in a vehicle on January 12th when he had the bb gun and was picked up by the Lawton police. (ECF No. 1:3). Plaintiff is suing Defendant Smith for "falsafying [sic] statement on legal documention [sic]." (ECF No. 1:4). The Court presumes that the legal documentation to which Mr. Russell refers is either the charging document or the subsequent arrest warrant. The difference is immaterial however, as this claim should be dismissed.

The Tenth Circuit Court of Appeals addressed similar circumstances in *Taylor v. Meacham*, 82 F.3d 1556, 1564 (10th Cir. 1996). In *Taylor*, the defendant alleged that he had been wrongfully arrested because an affidavit which was used in support of the arrest warrant contained false statements. *Taylor*, 82 F.3d at 1562. The Court began its discussion by noting that it was a violation of the Fourth Amendment "for an arrest warrant affiant to 'knowingly, or with reckless disregard for the truth,' include false statements in the affidavit." *Id.* (quoting *Franks v. Delaware,* 438 U.S. 154, 155–56 (1978)). However, the Court went on to state that if an arrest warrant affidavit contains false statements, "the existence of probable cause is determined by setting aside the

---

[2] http://www.oscn.net/dockets/GetCaseInformation.aspx?db=comanche&number=CF-201627&cmid=433488.

false information and reviewing the remaining contents of the affidavit." *Id.* In *Taylor*, the defendant pointed to inaccuracies between the precise color and model of his car as given by a witness and as stated in the warrant. *Id.* Against those inaccuracies were "a wealth of uncontested facts which demonstrate[d] a substantial probability" that the defendant had committed the crime of murder for which he had been charged. *Id.* Moreover, the defendant presented no evidence which suggested that the false statements had been submitted knowingly or with reckless disregard for the truth. *Id.* at 1564. As a result, the Court concluded that no violation of the Fourth Amendment had occurred. *Id. Taylor v. Meacham* is controlling in the instant case.

Mr. Russell alleges that Defendant Smith falsified documentation by including a statement that Plaintiff was operating a vehicle when he was arrested for possessing the bb gun. (ECF No. 1:3). According to Plaintiff, security camera footage will prove that he was not in a vehicle when he was picked up by the Lawton police. (ECF No. 1:3). But whether Plaintiff was in a vehicle is incidental and immaterial to the basis of the charge in the arrest warrant--that Mr. Russell was a former felon in possession of a firearm in violation of 21 O.S. §1283(A). Public record shows that on January 11, 2011, Mr. Russell was convicted pursuant to a guilty plea on the former case cited in the arrest warrant,[3] and Plaintiff admits that on January 12, 2016 he was carrying a bb gun for his own protection. (ECF No. 1:2). Mr. Russell does not dispute the allegations in the

---

[3] http://www.oscn.net/dockets/GetCaseInformation.aspx?db=comanche&number=CF-2010-117.

arrest warrant regarding his former felony or his possession of the bb gun in question on January 12, 2016. *See* ECF No. 1:1-3.

Like in *Taylor*, a "wealth of uncontested facts demonstrate[ed] a substantial probability" that Mr. Russell had committed the crime for which he had been charged. Additionally, Mr. Russell has not alleged that Defendant Smith knowingly or recklessly included false information in either the charging document or the arrest warrant. Thus, the Court should conclude that Mr. Russell has failed to state a claim against Defendant Smith for "falsafying [sic] statement on legal documention [sic]." As a result, any remaining claims against Defendant Smith in this regard for injunctive relief should be dismissed with prejudice for failure to state a claim.

### D. Claim Against Defendant Smith for Blackmail

Mr. Russell is also suing Defendant Smith for "blackmail with the intent to garnishment [sic]." (ECF No. 1:4). Mr. Russell admits that he owes fines and/or fees of some sort which he is unable to pay. (ECF No. 1:3-4). Plaintiff also states that he informed Defendant Smith regarding his indigent status, and that in response, Defendant Smith said, "You know how us people down south are we are greedy and we wont [sic] are [sic] money and we are gonna get it one way or the other." (ECF No. 1:3). Mr. Smith apparently also threatened to "lock [Plaintiff] up" if he didn't pay. (ECF No. 1:4). Apparently Mr. Russell believes that these statements constitute some sort of blackmail to compel Plaintiff to pay the outstanding fees and/or fines. But Mr. Russell is mistaken as verbal abuse is not actionable under Section 1983. *See*

603 F.2d 825, 827 (10th Cir. 1979). Aside from the statements, Mr. Russell has not specified any other allegations regarding the claim against Defendant Smith for blackmail. Accordingly, the Court should dismiss, with prejudice, any claim against Defendant Smith for blackmail for failure to state a claim.

## VI. CLAIMS AGAINST DEFENDANT MORALES

Plaintiff is suing the Comanche County Court Clerk, Robert Morales, for "noterizing [sic] a fals [sic] legal documention [sic]" and for "blackmail with the intent to garnishment." (ECF No. 1:4). These claims should be dismissed with prejudice.

### A. Official Capacity Claims for Monetary Damages Against Defendant Morales for his Actions as a Notary

As discussed, to state a valid claim against Defendant Morales in his official capacity for his actions as a county officer, Mr. Russell must allege that Defendant Morales: (1) committed a constitutional violation and (2) a county policy or custom was the moving force behind the constitutional deprivation that occurred. *See Estate of Larsen ex rel. Sturdivan v. Murr,* 511 F.3d 1255, 1264 (10th Cir. 2008); *see also Meade v. Grubbs,* 841 F.2d 1512, 1529 (10th Cir. 1988). According to Mr. Russell, Defendant Morales wrongfully notarized an allegedly false document. (ECF No. 1:4). But Mr. Russell has not alleged that Defendant Morales acted pursuant to any policy or custom. As a result, the Court should dismiss any claim against Defendant Morales in his official capacity for monetary damages. Ordinarily, the dismissal would be without prejudice, with leave to amend, but as discussed, *infra*, any allegations against Defendant Morales should be dismissed for failure to state a claim, rendering any amendment futile.

### B. Individual Capacity Claims for Monetary Damages Against Defendant Morales for his Actions as a Notary

Mr. Russell is suing Defendant Morales for notarizing a document during the course of his duties as Court Clerk. (ECF No. 1:4). The Court should dismiss this claim, as asserted against Defendant Morales in his individual capacity for monetary damages under a theory of absolute immunity.

The immunity afforded a court clerk stems from the immunity afforded judges. It is well established in the Tenth Circuit that a judge is absolutely immune from civil liability for judicial acts, unless committed in clear absence of all jurisdiction, even if "flawed by the commission of grave procedural errors." *Whitesel v. Sengenberger,* 222 F.3d 861, 867 (10th Cir. 2000) (quotation marks and citation omitted). Moreover, judges are "absolutely immune regardless of their motive or good faith." *Smith v. Losee,* 485 F.2d 334, 342 (10th Cir. 1973) (citing *Doe v. McMillan,* 412 U.S. 306, 319, (1973)). The Tenth Circuit has extended the same immunity to judicial officers where performance of a judicial act is involved or the duty has an integral relationship with the judicial process. *See Whitesel,* 222 F.3d at 867; *Lundahl v. Zimmer,* 296 F.3d 936, 939 (10th Cir. 2002).

Applying this standard, the Court should conclude that Defendant Morales' duty as a notary of the District Court of Comanche County has an integral relationship with the judicial process, which must be afforded the defense of immunity. To hold otherwise "would have a chilling effect on the judicial duties and actions of the clerk, who would be readily subject to suit in the course of performing his or her duties" in

notarizing legal documents. See *Coleman v. Farnsworth*, 90 Fed. Appx. 313, 316-18 (10th Cir. 2004) (unpublished op.). As a result, the Court should dismiss, with prejudice, any claims against Defendant Morales in his individual capacity for monetary damages for his role as a notary.

### C. Claims Against Defendant Morales for Injunctive Relief for his Actions as a Notary

For an additional reason, the Court should also dismiss any remaining cause of action for injunctive relief in either Defendant Morales' official or individual capacity for allegedly "noterizing a fals [sic] legal documention" [sic]." As discussed, under *Taylor v. Meacham*, 82 F.3d 1556, 1564 (10th Cir. 1996), Defendant Smith cannot be held liable for including false statements in the charging documents or arrest warrant because the statements were immaterial to the underlying basis of the legal documents—that Mr. Russell was being charged for being a former felon in possession of a firearm. Likewise, even if Defendant Morales knew that the documents that he notarized were false, no liability can stem from his actions in notarizing the documents based on the rationale in *Taylor*, as discussed. Accordingly, the Court should dismiss, with prejudice, any remaining claim for injunctive relief against Defendant Morales for notarizing false documents.

### D. Claim Against Defendant Morales for Blackmail

Mr. Russell has sued Defendant Morales for "Blackmail with the intent to garnishment." (ECF No. 1:4). But he has provided no additional information or specific allegations regarding this claim. Because the allegations are conclusory, the Court

should dismiss any claim for blackmail against Defendant Morales, in both his official and individual capacities. See *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (Bare legal conclusions in a complaint are not assumed to be true; legal conclusions "must be supported by factual allegations" to state a claim upon which relief may be granted).

## VII. CLAIMS AGAINST THE POLICE/SHERRIFF'S DEPARTMENTS

On page four of the Complaint, Mr. Russell states that he is suing "The Police Department/Sheriff Department" for "fals [sic] imprisonment herasment [sic] issueing [sic] and serveing [sic] a fals [sic] warrnt [sic]." (ECF No. 1:4). But aside from this single sentence, the complaint does not outline why Mr. Russell believes the entities are liable and conclusory allegations will not suffice to state a claim under Section 1983. *See Wise v. Bravo,* 666 F.2d 1328, 1333 (10th Cir. 1981) ("Constitutional rights allegedly invaded. . . must be specifically identified. Conclusory allegations will not suffice.").

Technically, Mr. Russell has committed a pleading error, as he should have "name[d] the specific individual officers . . . in their individual capacities as defendants in the style of the case instead of identifying them only in the body of the complaint." *Farrell v. J.E. Hamilton Corr. Ctr.*, 12 Fed. Appx. 788, 792 (10th Cir. Apr. 27, 2001) (unpublished op.). Ordinarily, such action should be dismissed with leave to amend the pleading defect. *Id.* But Sherriff's Departments and Police Departments are not legal entities that may be sued. *See Lindsey v. Thomson*, 275 Fed. Appx. 744, 747 (10th Cir. Sept. 10, 2007) (unpublished op.) (affirming dismissal of § 1983 claims against police

14

departments and county sheriff's department, entities with no apparent legal existence). Thus dismissing these claims with leave to amend would be futile. Accordingly, the Court should dismiss, with prejudice, any claims against "The Police Department/Sheriff Department."

## VIII. CLAIMS AGAINST REMAINING DEFENDANTS

In the style of the complaint, Mr. Russell has named Defendants Cabelka, Aycock, Harris, and the Lawton Police Chief. (ECF No. 1:1). But he has not alleged any specific wrongdoing by any of these Defendants nor has he included them in "Counts 1-3" on page four of the complaint. (ECF No. 1:4). Without any specific allegations against these Defendants regarding their allegedly wrongful conduct, the Court should dismiss any claims against them, with prejudice, for failure to state a claim. *See Martinez v. Decesaro*, 427 Fed. Appx. 660, 663 (10th Cir. June 24, 2011) (unpublished op.) (affirming dismissal of amended complaint which "fail[ed] to describe each named defendant's personal participation in the alleged wrongs.").

## IX. SUMMARY OF RECOMMENDATIONS

Upon preliminary review of Plaintiff's claims, the Court should **DISMISS**, with prejudice, the claims against all Defendants, in both their official and individual capacities, for monetary and injunctive relief.

## X. NOTICE OF RIGHT TO OBJECT

Plaintiff is hereby advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of

the District Court by **July 1, 2016**. *See* 28 U.S.C. § 636(b)(1); and Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## XI. STATUS OF THE REFERRAL

This Report and Recommendation terminates the referral to the undersigned Magistrate Judge in the captioned matter.

ENTERED on June 14, 2016.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE