IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JEREMY ALLEN RUSSELL, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-16-460-HE |
| THE STATE OF OKLAHOMA, et al., | ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Jeremy Russell, a pre-trial detainee appearing *pro se* and *in forma pauperis*, brings this action under 42 U.S.C. § 1983, alleging various violations. (ECF No. 6). District Judge Joe Heaton referred this matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C).[1] A review of the amended complaint has been conducted pursuant to 28 U.S.C. § 1915A(a) and 28 U.S.C. § 1915(e)(2)(B). Based on that review, it is recommended that the Court dismiss, with prejudice, all claims against all Defendants.

I. SCREENING REQUIREMENT

The Court must review each complaint in which a prisoner seeks redress against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court likewise must review each case brought by a prisoner with respect to prison conditions and each

---

[1] Upon preliminary review of Plaintiff's original complaint, the undersigned recommended dismissal of all claims against all Defendants (ECF No. 5). However, instead of filing an objection to the Report and Recommendation, Mr. Russell filed an amended complaint. (ECF No. 6). Although leave of court is generally required to file an amended complaint, Judge Heaton allowed the amendment without ruling on the Report and Recommendation, cautioning Mr. Russell that he would not be allowed any further amendments without the Court's permission. (ECF No. 1:8).

case in which a plaintiff proceeds *in forma pauperis*. 42 U.S.C. § 1997e(c)(1); 28 U.S.C. § 1915(e)(2). The Court is required to dismiss the complaint or any portion of the complaint that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1).

## II. STANDARD OF REVIEW

The Court must accept Plaintiff's allegations as true and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to Plaintiff. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). Since Mr. Russell is proceeding *pro se*, his complaint must be construed liberally. *See id*. at 1218. The Court "review[s] the complaint for plausibility; that is, to determine whether the complaint includes enough facts to state a claim to relief that is plausible on its face." *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009) (quotations and citation omitted).

A complaint fails to state such a claim when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citation omitted). Bare legal conclusions in a complaint, however, are not assumed to be true; legal conclusions "must be supported by factual allegations" to state a claim upon which relief may be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

"[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (noting that although courts construe *pro se* pleadings liberally, courts "will not supply additional factual allegations to round out a plaintiff's complaint"). Whether a complaint contains sufficient facts to avoid dismissal is context-specific and is determined through a court's application of "judicial experience and common sense." *Iqbal*, 556 U.S. at 679; *see also Gee v. Pacheco*, 627 F.3d 1178, 1184-85 (10th Cir. 2010) (discussing *Iqbal*).

## III. FACTUAL BACKGROUND AND NAMED DEFENDANTS

On or about January 12, 2016, Plaintiff was walking down a street in Lawton, Oklahoma carrying a bb gun, when he heard glass shatter and people yelling. (ECF No. 6:2, 5). Plaintiff called the police department to report the dispute. (ECF No. 6:2). While on the phone with the 911 dispatch officer, a police officer arrived and Plaintiff ended the phone call. (ECF No. 6:2). Mr. Russell states that he waved down the officer, who shouted "don't move." (ECF No. 6:2). Speaking to someone on his radio, the officer reported that Plaintiff had a gun. (ECF No. 6:2). Plaintiff explained to the officer that the gun was "not reil [sic]." (ECF No. 6:2). After approximately 15-20 minutes, the officer let Plaintiff go. (ECF No. 6:2).

On or about January 14, 2016, the Comanche County District Attorney's office filed: (1) a motion to revoke a suspended sentence in a prior criminal case involving Mr. Russell, and (2) charges against Plaintiff for being a former felon in possession of a

weapon. (ECF No. 6:3-4).[2] On January 19, 2016, a warrant was issued for Plaintiff's arrest and on February "3rd or 4th" Plaintiff was arrested. (ECF No. 6:4). Mr. Russell states that he was arrested on the "new charges" as well as for a failure to pay various fines and court fees. (ECF No. 6:4).

At his arraignment/revocation hearing, Mr. Russell noticed that his "paperwork" stated "on or about the 12th day of January 2016 the Defendant had a $CO_2$ pellet gun in a vehical [sic] that the Defendant was operateting [sic] located on his person after being convicted of 2nd Degree Barglary [sic] on the 11th day of January 2013." (ECF No. 6:5). According to Mr. Russell, the prosecutor and judge were unable to give him a description of the vehicle he had allegedly been in or explain the status of two of Plaintiff's previous criminal cases. (ECF No. 6:5). Plaintiff also states that through his research, he has concluded that "bebe gun's [sic]/pellet gun's [sic] are in fact not concitered [sic] as guns." (ECF No. 6:5-6). According to Plaintiff, he explained his research and the circumstances of his case to Grady County Detention Center officials who told him "it was a bull crap case." (ECF No. 6:6). Plaintiff's position in his amended complaint is that his conduct on January 12, 2016 was not criminal and the charges for possession of a firearm after a former conviction were falsified in an attempt to "get more money." (ECF No. 6:6).

Plaintiff has named six defendants in the amended complaint: The State of Oklahoma, Comanche County District Attorney Fred C. Smith, Comanche County Court Clerk Robert Morales; Comanche County District Judges Keith Aycock and Kenny Harris;

---

[2] *See* http://www.oscn.net/dockets/GetCaseInformation.aspx?db=comanche&number=CF-2016-27&cmid=433488;
http://www.oscn.net/dockets/GetCaseInformation.aspx?db=comanche&number=CF-2011-429.

and the City of Lawton Chief of Police. (ECF No. 6:1, 6-7). Plaintiff does not indicate whether he is suing the Defendants in their official or individual capacities. The undersigned therefore construes the complaint as raising claims against the Defendants in both capacities. *See, e.g.*, *Smith v. United States*, 561 F.3d 1090, 1093, n.2 (10th Cir. 2009). Plaintiff seeks monetary damages and injunctive relief. (ECF No. 6:8-10).

## IV. CLAIMS AGAINST THE STATE OF OKLAHOMA

Mr. Russell has named the State of Oklahoma as a defendant in the style of the complaint. (ECF No. 6:1). But under the Eleventh Amendment, the State of Oklahoma is immune from suit in federal court. *See Will v. Michigan Dep't of State Police,* 491 U.S. 58, 64 (1989) ("[A] State is not a person within the meaning of [section] 1983."); *Chamber of Commerce of U.S. v. Edmondson,* 594 F.3d 742, 760 (10th Cir. 2010). And the State of Oklahoma has not expressly waived its Eleventh Amendment immunity. *See Nichols v. Dep't of Corrections,* 631 P.2d 746, 750–51 (Okla. Sup. Ct. 1981). Thus, the Court should dismiss any claims against the State of Oklahoma.

## V. CLAIMS AGAINST DEFENDANT SMITH

Mr. Russell is suing Comanche County District Attorney Defendant Smith, for:

(1) attempt of garnishment of federal disabilaty [sic] (SSI) beinafitc [sic].

(2) singing [sic] a fals [sic] document,

(3) fileing [sic] fals [sic] charges, and

(4) harasment [sic].

(ECF No. 6:7). The Court should dismiss all claims against Defendant Smith.

### A. Claims against Defendant Smith for Garnishment of Disability Benefits and Harassment

Mr. Russell has sued Defendant Smith for attempting to garnish his federal disability benefits and harassment. Regarding the garnishment claim, Mr. Russell seems to concede that he had owed some sort of "fines supervistion [sic] resation [sic] and court fees," but stated that he needed "4-6 months to get [his] SSI started." (ECF No. 6:4). Liberally construing the amended complaint, it appears as though Mr. Russell acknowledges that he owes fines and fees, but was without the ability to pay them until he received SSI benefits. But apart from Plaintiff's conclusory allegation that Defendant Smith is "attempt[ing] [to] garnish[] [his] federal disabilaty [sic] (SSI) beinafitc [sic]" Plaintiff has offered no additional or supporting factual allegations.

Likewise, beyond a blanket assertion that Defendant Smith is liable for "harasment" [sic], Plaintiff has not provided the Court with specific allegations regarding how, precisely, Defendant Smith had harassed Plaintiff. Legal conclusions "must be supported by factual allegations" to state a claim upon which relief may be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Mr. Russell, however, has failed to provide any specific factual allegations regarding his garnishment and harassment claims. As a result, the Court should dismiss these claims for failure to state a claim.

### B. Official Capacity Claims against Defendant Smith for Monetary Damages for Filing False Charges/Signing a False Document

Mr. Russell is suing Defendant Smith in his official capacity as Comanche County District Attorney for allegedly filing false charges and signing a false document. (ECF No. 6:7). Although Plaintiff lists the allegations separately, the Court should treat them as a single allegation-as they are based on Plaintiff's belief that Defendant Smith

falsified and then signed the charges against Plaintiff for possessing a firearm after a former felony conviction.

A suit against a county officer in his official capacity is the equivalent of a suit against the county. *Kentucky v. Graham,* 473 U.S. 159, 166 (1985); *see also Barney v. Pulsipher,* 143 F.3d 1299, 1307 (10th Cir. 1998). To state a valid claim against a county for actions of its officers, a plaintiff must allege that: (1) an officer committed a constitutional violation and (2) a county policy or custom was the moving force behind the constitutional deprivation that occurred. *See Estate of Larsen ex rel. Sturdivan v. Murr,* 511 F.3d 1255, 1264 (10th Cir. 2008); *see also Meade v. Grubbs,* 841 F.2d 1512, 1529 (10th Cir. 1988).

Here, Mr. Russell has not alleged that Defendant Smith acted pursuant to a county policy or custom when he committed the alleged violations. Thus, the Court should dismiss any claim against Defendant Smith in his official capacity seeking monetary damages.

### C. Individual Capacity Claims Against Defendant Smith for Monetary Damages for Filing False Charges/Signing a False Document

In his individual capacity, Defendant Smith is absolutely immune from Mr. Russell's claim for money damages for filing false charges. Prosecutors enjoy absolute immunity to liability under Section 1983 for actions performed "within the scope of their prosecutorial duties." *Arnold v. McClain,* 926 F.2d 963, 966 (10th Cir. 1991). Mr. Russell alleges that Defendant Smith filed false charges against him for possession of a firearm after a former felony conviction. (ECF No. 6:5-7). But the Supreme Court has clearly stated that "in initiating a prosecution and in presenting the State's case, the prosecutor

7

is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman,* 424 U.S. 409, 430 (1976). As a result, the Court should dismiss any claims against Defendant Smith in his individual capacity for monetary damages.

> **D. Official and Individual Capacity Claims Against Defendant Smith for Injunctive Relief for Filing False Charges/Signing a False Document**

Mr. Russell also claims he is entitled to injunctive relief in the form of "all charges in both the cases of State of Oklahoma v. Jeremy Allen Russell Case No. CF-2016-27 & CF-2011-429" and the return of confiscated property and reimbursement for items he lost after being evicted from an apartment. (ECF No. 6:9). But any remaining claims against Defendant Smith for filing false charges or signing a false document should be dismissed for failure to state a claim.

Public records confirm that Plaintiff was charged with and an arrest warrant was issued for Plaintiff being a former felon in possession of a firearm on January 12, 2016.[3] Plaintiff apparently believes that some "paperwork" pertaining to these charges had been falsified because it stated that Plaintiff was in a vehicle at the time of his arrest and Mr. Russell alleges that he had been on foot and not in a vehicle. (ECF No. 6:2, 5). The Court presumes that the "paperwork" to which Mr. Russell refers is either the charging document or the subsequent arrest warrant. The difference is immaterial however, as this claim should be dismissed.

The Tenth Circuit Court of Appeals addressed similar circumstances *in Taylor v. Meacham*, 82 F.3d 1556, 1564 (10th Cir. 1996). In *Taylor*, the defendant alleged that

---

[3] *See* http://www.oscn.net/dockets/GetCaseInformation.aspx?db=comanche&number=CF-2016 27&cmid=433488.

he had been wrongfully arrested because an affidavit which was used in support of the arrest warrant contained false statements. *Taylor*, 82 F.3d at 1562. The Court began its discussion by noting that it was a violation of the Fourth Amendment "for an arrest warrant affiant to 'knowingly, or with reckless disregard for the truth,' include false statements in the affidavit." *Id.* (quoting *Franks v. Delaware,* 438 U.S. 154, 155–56 (1978)). However, the Court went on to state that if an arrest warrant affidavit contains false statements, "the existence of probable cause is determined by setting aside the false information and reviewing the remaining contents of the affidavit." *Id.* In *Taylor*, the defendant pointed to inaccuracies between the precise color and model of his car as given by a witness and as stated in the warrant. *Id.* Against those inaccuracies were "a wealth of uncontested facts which demonstrate[d] a substantial probability" that the defendant had committed the crime of murder for which he had been charged. *Id.* Moreover, the defendant presented no evidence which suggested that the false statements had been submitted knowingly or with reckless disregard for the truth. *Id.* at 1564. As a result, the Court concluded that no violation of the Fourth Amendment had occurred. *Id. Taylor v. Meacham* is controlling in the instant case.

Mr. Russell alleges that Defendant Smith filed false charges by including a statement that Plaintiff was operating a vehicle when he was arrested for possessing the bb gun. (ECF No. 6:2, 5). But whether Plaintiff was in a vehicle is incidental and immaterial to the basis of the charge in the arrest warrant--that Mr. Russell was a former felon in possession of a firearm in violation of 21 O.S. §1283(A). Public record shows that on January 11, 2011, Mr. Russell was convicted pursuant to a guilty plea on

9

a former felony case,[4] and Plaintiff admits that on January 12, 2016 he was carrying a bb gun. (ECF No. 6:5). Mr. Russell does not dispute the former felony conviction or his possession of the bb gun in question on January 12, 2016. *See* ECF No. 6:5.

Like in *Taylor*, a "wealth of uncontested facts demonstrate[ed] a substantial probability" that Mr. Russell had committed the crime for which he had been charged. Additionally, Mr. Russell has not alleged that Defendant Smith knowingly or recklessly included false information in either the charging document or the arrest warrant. Thus, the Court should conclude that Mr. Russell has failed to state a claim against Defendant Smith for filing false charges/signing a false document. As a result, any remaining claims against Defendant Smith in this regard for injunctive relief should be dismissed for failure to state a claim.

## VI. DEFENDANTS AYCOCK AND HARRIS

Plaintiff has sued two Comanche County District judges—Judge Keith Aycock and Judge Kenny Harris. (ECF No. 6:1, 7). Against both judges, Plaintiff alleges:

(1) singing [sic] a warrnt [sic] for an illegal/falsafyed [sic] charge,

(2) making fals [sic] statment [sic] on or for the beafite [sic] of the district courts of Comanche County,

(3) frode [sic], and

(4) acessory [sic] to the DA.

---

[4] http://www.oscn.net/dockets/GetCaseInformation.aspx?db=comanche&number=CF-2010-117.

(ECF No. 6:7). Additionally, against Judge Aycock, Plaintiff alleges:

(1) acessory [sic] to the DA,

(2) illegal sentancing [sic],

(3) singing [sic] fals legal document,

(4) frode [sic]

(ECF No. 6:7). The Court should dismiss: (1) the official capacity claims for damages based on judicial immunity and (2) the remaining claims for failure to state a claim.

### A. Official Capacity Claims Against Defendants Aycock and Harris for Monetary Damages

State court judges are absolutely immune from claims seeking monetary damages for actions taken in their judicial capacity, unless the actions are "taken in the complete absence of all jurisdiction." *Mireles v. Waco,* 502 U.S. 9, 11–12, (1991). Furthermore, "[a] judge will not be deprived of [such] immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978) (internal citation and quotation marks omitted); *see also Pierson v. Ray*, 386 U.S. 547, 553 (1967) (judges enjoy immunity "even when the judge is accused of acting maliciously and corruptly").

Here, although Mr. Smith alleges the state court judges' actions were improper, it is apparent that those actions were taken in the Defendants' judicial capacity and within their jurisdiction as judges in Comanche County. Therefore, these claims should be dismissed with prejudice. *See Burrows v. Cherokee County Sheriff's Office*, 38 F. App'x. 504, 506 (10th Cir. 2002) (affirming dismissal of claims against state court judge

which alleged that judge had improperly ordered plaintiff transported out of state when judge had knowledge that the case on which Plaintiff was being transported had been dismissed).

> **B. Individual Capacity Claims Against Defendants Aycock and Harris for Damages and Claims for Injunctive Relief**

The Court should dismiss any remaining claim against Defendants Aycock and Harris for damages and injunctive relief because Mr. Russell has failed to state a claim upon which relief may be granted.

The court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste,* 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (internal quotation marks and citation omitted). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks and citation omitted).

Although Plaintiff has made several allegations against Defendants Aycock and Harris, Mr. Russell has failed to provide details in support of his claims. For example, Plaintiff alleges that both judges acted as an accessory to the DA, but does not explain

in what capacity the judges had so acted. Also, Mr. Russell alleges that both Defendants committed fraud, but provides no details concerning what type of fraud or when the crime was allegedly committed. Mr. Russell alleges that both Defendants signed a warrant for an illegal/falsified charge, but Plaintiff does not explain for what crime the warrant was issued. The specific failure regarding the allegedly illegal warrant/falsified charge is not only fatal to Plaintiff's claim, but also particularly confusing because in the amended complaint, Mr. Russell references three separate criminal cases in which he was the defendant. (ECF No. 6:3, 4, 9).

The same deficiency defeats Plaintiff's claims that the Defendants: (1) "ma[de] a fals [sic] statment [sic]" for the benefit of the Comanche County District Court and (2) signed a false legal document. (ECF No. 6:7). Without reference to what statement or document that Mr. Russell believes had been falsified, the Court cannot properly assess the claims. Finally, Mr. Russell alleges that Defendant Aycock imposed an illegal sentence, but Plaintiff has provided no details regarding the nature of the sentence or why he believes it was illegal.

Mr. Russell has only offered "naked assertions" in the form of "labels and conclusions" in an attempt to seek liability against Defendants Aycock and Harris. Due to the lack of supporting details, the Court should dismiss any remaining claims against Defendants Aycock and Harris in their individual capacities for monetary damages and in any capacity for injunctive relief for failure to state a claim.

### VII. CLAIMS AGAINST DEFENDANT MORALES

Plaintiff is suing the Comanche County Court Clerk, Robert Morales, for:

(1) noterising [sic] fals [sic] document,

13

(2) makeing [sic] fals [sic] statment [sic],

(3) frode,

(4) singe [sic] fals [sic] legal document,

(5) acessory [sic] to the DA, and

(6) attempt of fedurl [sic] (SSI) benafitc [sic]

(ECF No. 6:6-7). Beyond these allegations, Mr. Russell has not mentioned Defendant Morales in the body of the amended complaint or provided any details regarding how he believed the Defendant had: (1) committed fraud, (2) attempted to obtain Plaintiff's SSI benefits or (3) been an accessory to the DA. Furthermore, Mr. Russell does not explain what false document Mr. Morales allegedly signed or notarized or what false statement he allegedly made. Based on the lack of information, the Court should dismiss any claim against Defendant Morales for failure to state a claim. *See Iqbal*, 556 U.S. at 679 (2009) (Bare legal conclusions in a complaint are not assumed to be true; legal conclusions "must be supported by factual allegations" to state a claim upon which relief may be granted).

## VIII. CLAIMS AGAINST THE CHIEF OF POLICE

Mr. Russell has sued the City of Lawton Chief of Police, in an attempt to hold him liable for:

(1) the actions of the officers who arrested Plaintiff on January 16, 2016, who Mr. Russell alleges "may posabaly [sic] be incompetent and delusional based off there [sic] statement made on the courts documents," thereby endangering the lives of the citizens of Lawton,

(2) fals [sic] imprisonment,

(3) herasment [sic], and

(4) accesory to the District Attorney by serving and executed [sic] the warrant for the fals charges & incorrect charges filed as a resalt [sic] of new charges & as a motion to revoke suspended sintance [sic] for felury [sic] to pay fines supervistion [sic] resation [sic], court fee's [sic] and the possection of a firearm after former felony conviction.

(ECF No. 6:7-8). The Court should dismiss all of these claims, both in the Defendant's official and individual capacities and for monetary and injunctive relief.

First, Plaintiff's allegations that the Chief of Police should be held liable because the arresting officers "may posabaly be incompetent and delusional" fails to state a violation of the Constitution for which Mr. Russell could seek redress in an action under 42 U.S.C. § 1983. *See Bruner v. Baker,* 506 F.3d 1021, 1025 (10th Cir. 2007) (stating that in a § 1983 action, the complaint must "allege the violation of a right secured by the Constitution and laws of the United States") (internal quotation marks and citation omitted).

Second, Plaintiff has provided only naked assertions that the Chief of Police is liable for "fals [sic] imprisonment" [sic] and "herasment" [sic]. (ECF No. 6:8). Mr. Russell has provided no explanatory details, which is fatal to these claims. *See Wise v. Bravo,* 666 F.2d 1328, 1333 (10th Cir. 1981) ("Constitutional rights allegedly invaded. . . must be specifically identified. Conclusory allegations will not suffice.").

Finally, the Court should dismiss the claim that the Chief of Police should be held liable for serving and executed a warrant for false charges.[5] First, Mr. Russell has failed to state what, exactly, he believes was false in the arrest warrant. Liberally construing

---

[5] In addition to the allegations that the Chief of Police served and executed a warrant for false charges, Mr. Russell references "incorrect charges filed as a resalt [sic] of new charges & as a motion to revoke suspended sintance [sic] for felury [sic] to pay fines supervistion [sic] resation [sic], court fee's [sic] and the possection of a firearm after former felony conviction." (ECF No. 6:8). The undersigned is unable to determine the nature of these allegations.

15

the complaint, however, the undersigned assumes that Plaintiff is referring to the fact that some "paperwork" that he saw at his arraignment contained a statement that he had been in a vehicle on January 12, 2016, which he denies. (ECF No. 6:5). But as discussed, information regarding whether Mr. Russell was in a vehicle or on foot at the time of his arrest is immaterial to elements of the crime for which he was arrested. *See supra* pages 9-10 (discussion of *Taylor v. Meacham*). Plaintiff does not dispute that: (1) he had been previously convicted of a felony for 2nd degree burglary and (2) he was carrying a bb gun at the time of his arrest. (ECF No. 6:5). Under these circumstances, the Court should dismiss Plaintiff's claim that the Chief of Police had executed and served a false arrest warrant.

## IX. RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

Upon preliminary review of Plaintiff's claims, the Court should dismiss, with prejudice, all claims against all Defendants, in both their official and individual capacities, for monetary and injunctive relief. Plaintiff is hereby advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by **October 3, 2016.** *See* 28 U.S.C. § 636(b)(1); and Fed. R. Civ. P. 72(b)(2).

Mr. Russell filed an objection to a prior Report and Recommendation which the undersigned had issued following a preliminary review of Plaintiff's original complaint. *See* ECF No. 10 (Plaintiff's Objection); ECF No. 5 (Report and Recommendation). However, ECF No. 10 is **MOOT** in light of: (1) Judge Heaton's Order allowing Plaintiff to file an amended complaint in lieu of filing an objection to the Report and Recommendation and (2) this Report and Recommendation which concerns Plaintiff's

amended complaint. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## X. STATUS OF THE REFERRAL

This Report and Recommendation terminates the referral to the undersigned Magistrate Judge in the captioned matter.

ENTERED on September 14, 2016.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE