# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEREMY ALLEN RUSSELL, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. CIV-16-0460-HE |
| ) | |
| THE STATE OF OKLAHOMA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Plaintiff, appearing *pro se* and *in forma pauperis*, filed this § 1983 action after he was arrested for being in possession of a firearm after a former felony conviction. Pursuant to 28 U.S.C. §636(b)(1)(B)-(C) the matter was referred for initial proceedings to Magistrate Judge Shon T. Erwin. The magistrate judge has conducted a preliminary review of the amended complaint pursuant to 28 U.S.C. §§ 1915A(a), 1915(e)(2)(B), and has recommended that all plaintiff's claims be dismissed with prejudice. Plaintiff has filed an objection to the Report and Recommendation.

Plaintiff contends, among other things, that the Comanche County District Attorney improperly filed a motion to revoke a suspended sentence plaintiff had received and wrongfully charged him with being a former felon in possession of a firearm. The firearm plaintiff admittedly possessed was a BB gun. The events surrounding the charges filed against plaintiff and his subsequent arrest and which underlie his claims are detailed in the Report and Recommendation and will not be repeated here. Plaintiff has sued the State of Oklahoma, Comanche County District Attorney Fred C. Smith, Comanche County Court Clerk Robert Morales, Comanche County District Judges Keith Aycock and Kenny Harris

and the City of Lawton Chief of Police. In his objection, plaintiff essentially restates his allegations and, for the most part, does not challenge the magistrate judge's findings and recommendations.

The court has reviewed the amended complaint, the Report and Recommendation and plaintiff's objection, and agrees with the magistrate judge's analysis and conclusions regarding plaintiff's claims against the various defendants to the extent stated below.[1]

State of Oklahoma and Defendant Smith

The plaintiff's claims against the State of Oklahoma are barred by Eleventh Amendment immunity and will be dismissed without prejudice. The Eleventh Amendment also bars the official capacity claims against defendant Smith, the Comanche County District Attorney.[2] Insofar as plaintiff seeks to recover money damages from defendant Smith in his individual capacity for filing false charges against him for possession of a firearm after a former felony conviction, absolute prosecutorial immunity bars plaintiff's claims.[3]

The court agrees with the magistrate judge that the asserted false statement – that plaintiff was operating a vehicle at the time of his arrest – when he in fact was on foot, contained in either the charging document or subsequent arrest warrant, was immaterial to

---

[1]*Among the relief plaintiff seeks is the return of confiscated property. See Doc. #6, p. 9. However, the complaint does not describe who allegedly confiscated the property or what property disappeared.*

[2]*The Report and Recommendation mistakenly treats Smith as a county officer. He is not. Under Oklahoma law district attorneys and their assistants are state officers. See 19 Okla. Stat §215.30(B); Arnold v. McClain, 926 F.2d 963, 965-66 (10th Cir. 1991).*

[3]*While the magistrate judge addressed claims against defendant Smith for injunctive relief, plaintiff did not plead any unconstitutional action implementing an official policy.*

the offense with which plaintiff was charged (being a felon in possession of a firearm). However, the court does not agree with the magistrate judge's analysis that a wealth of uncontested facts demonstrate a substantial probability that plaintiff committed the crime with which he was charged. It appears a "BB" gun is not a firearm within the meaning of 21 Okla. Stat. § 1283. *See* Thompson v. State, 488 P.2d 944, 947 (Okla.Crim.App. 1971), *rev'd on other grounds*, Dolph v. State, 520 P.2d 378 ((Okla.Crim.App. 1974); *see generally* United States v. Shea, 175 F.3d 1018, at *2 n.* (4th Cir. 1999) "(Specifically, the Government conceded that the weapon that was the basis of the § 924(c)(1) charge was a BB gun. According to the Government, a BB gun does not meet the definition of a firearm under 18 U.S.C. § 921(a)(3) (1994)."). Plaintiff raises this issue in his objection, when he asserts that the felon in possession charge against him was dismissed because what he now refers to as his "CO2 outside sporting wepon" did not meet the criteria for "firearm." Doc. #16, p. 1. The court takes judicial notice[4] of the docket in Oklahoma v. Russell, Case No. CF-2016-27, which reflects that the felon in possession charge against Mr. Russell was dismissed.[5] Regardless, because plaintiff's claims against defendant Smith are insufficiently pleaded and/or he is entitled to prosecutorial immunity, plaintiff's claims against defendant Smith will be dismissed.

Defendants Aycock and Harris

---

[4]The court has taken judicial notice of the public records of the District Court of Comanche County. See Okla. State Courts Network, *State of Okla. v. Jeremy Allen Russell,* Case No. CF–2016–27, District Court in and for Comanche County, Oklahoma http://www.oscn.net/dockets/GetCaseInformation.aspx?db=comanche&number=cf-2016-27(as accessed Nov. 8, 2016).

[5]*The reason for the dismissal is not apparent from the face of the docket sheet.*

The claims against defendants Aycock and Harris, insofar as plaintiff seeks money damages for actions the two defendants took in their personal capacities as state court judges are barred by absolute judicial immunity and will be dismissed with prejudice.[6] To the extent plaintiff seeks injunctive relief against the judges, "the Federal Courts Improvement Act of 1996, . . . provides that 'injunctive relief [against a judicial officer] shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.'" Knox v. Bland, 632 F.3d 1290, 1292 (10th Cir. 2011). As plaintiff did not plead that either condition was satisfied here, any claims seeking injunctive relief against defendants Aycock and Harris under § 1983 will be dismissed with prejudice. *See id.*

Defendant Morales

Plaintiff failed to pleaded sufficient facts to support his claims against defendant Morales. They will therefore be dismissed without prejudice.

City of Lawton Chief of Police

To the extent plaintiff attempts to hold the Chief of Police liable for the conduct of the arresting officers,[7] his claim fails because he has failed to allege facts demonstrating the personal involvement required to state a claim for supervisory liability under § 1983. *See* Dodds v. Richardson, 614 F.3d 1185, 1195 (10th Cir. 2010). His claim against the police chief for harassment similarly fails for lack of supporting factual allegations. Finally, the

---

[6]*To the extent the Report and Recommendation suggests judicial immunity bars official capacity claims, it is in error. "Judicial immunity applies only to personal capacity claims." Crowe & Dunlevy, P.C. v. Stidham, 640 F.3d 1140, 1156 (10th Cir. 2011).*

[7]*Plaintiff alleges that the police chief should be held liable because the officers on duty on January 12th may have been "incompetent and delusional." Doc. #6, p. 7.*

court agrees with the magistrate judge that plaintiff's claims against the chief of police for false arrest and/or false imprisonment fail. Plaintiff did not plead in his complaint that the warrant that was issued to arrest him lacked probable cause because plaintiff was not possessing a "dangerous or deadly firearm." 21 Okla. Stat. § 1283. Plaintiff may, though, be able to amend his complaint to state a claim based on the lack of probable cause.[8]

Accordingly, the magistrate judge's Report and Recommendation is adopted to the extent previously indicated. Plaintiff's claims against the State of Oklahoma are dismissed without prejudice. His official capacity claims against defendant Smith are dismissed without prejudice. His individual capacity claims against defendant Smith are dismissed with prejudice. Plaintiff's claims against defendants Aycock and Harris are dismissed with prejudice. Plaintiff's claims against defendant Morales are dismissed without prejudice. Plaintiff's claims against the City of Lawton Chief of Police are dismissed without prejudice. Because plaintiff may be able to amend his complaint and state a claim upon which relief may be granted, plaintiff will be given one final opportunity to amend his complaint. He is cautioned not to replead any claims that have been dismissed with prejudice and is directed to file any amended complaint by **December 1, 2016**. Otherwise, the action will be dismissed.

**IT IS SO ORDERED**.

Dated this 15th day of November, 2016.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE

---

[8]*The court is not intimating that the chief of police can be held accountable for any such claims, as it is unclear who issued the warrant, who made the arrest, etc.*